**United States Bankruptcy Court**
**Eastern District of North Carolina**

IN RE:                                                                                                Case No. _____

**Carmichael, Nathaniel  Jr.**                                                      Chapter **13** _____
Debtor(s)

## CHAPTER 13 PLAN

The format of this Chapter 13 plan has been approved by the bankruptcy judges for the Eastern District of North Carolina.

CONFIRMATION PROCESS:  Before a plan is confirmed, the chapter 13 trustee will file a separate Motion and Notice for Confirmation that will be served on all creditors.  The trustee's Motion and Notice for Confirmation may incorporate some or all of the terms of the debtor(s)' proposed plan, and will state the date by which objections to confirmation must be filed with the court.  Any objections to confirmation must state with particularity the grounds for the objection.  **The rights of creditors may be affected if the plan is confirmed and creditors should carefully read the plan.**

PROOF OF CLAIM:  A creditor's claim will not be allowed or paid unless a proof of claim is filed by or on behalf of the creditor.  Only allowed claims will receive a distribution from the chapter 13 trustee.  Confirmation of a plan does not preclude the debtor, trustee or party in interest from filing an objection to a claim.

PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS:  Pre-confirmation adequate protection payments required by 11 U.S.C. Section 1326(a)(1) that are to be made through the chapter 13 trustee pursuant to Local Rule 3070-1(b) shall be disbursed by the trustee in accordance with the trustee's customary distribution process.  A creditor will not receive a pre-confirmation adequate protection payment unless the creditor timely files a proof of claim.

INFORMATION ABOUT THE DEBTOR:  The debtors' Current Monthly Income as defined in 11 U.S.C. Section 101(10A) is ABOVE ☒/ BELOW ☐ (designate one) the applicable state median income.

The debtors' projected disposable income as referred to in 11 U.S.C. Section 1325(b)(1)(B) is $ _0.00__.

The amount referred to in 11 U.S.C. 1325(a)(4) that would be paid to unsecured claims if the debtors' estate were liquidated in a case under chapter 7 of Title 11 is $ _0.00__.  The "liquidation test" has been computed as follows:

| ASSET (Real Property, Autos, Other) | Liquidation Value Net of Security Interest(s) |
|---|---|
| None. | |

### PLAN TERMS PROPOSED BY DEBTOR(S)

**1.    PAYMENTS AND LENGTH OF PLAN**

The debtor(s) shall make payments to the trustee in the aggregate amount of $**7,200.00** which shall be payable as $**200.00** each **month** .

**2.    PAYMENT OF DEBTORS' BASE ATTORNEY'S FEES**

The balance of the debtors' base fee to be paid through the plan is $**2,200.00** .

**3.    PAYMENT OF SECURED CLAIMS (PAID THROUGH PLAN)**

 The secured claims to be paid through the plan are listed in the chart at the end of this plan as set forth in the "Schedule of Debts" and incorporated by reference herein.  The allowed amounts of the secured claims will be limited to the amounts stated in the column "Amount of Secured Claim to be Paid," which will be paid with interest at the rate established for the district.  Distributions will be made by the trustee to the holders of secured claims over the duration of the plan as stated in Paragraph 1 and shall be subject to the disbursements for attorney's fees as set forth in Local Rule 2016-1.  Unless otherwise ordered by the court, the amount of the creditor's claim in excess of the allowed amount of the secured claim shall be a general unsecured claim.

**4.    PROPERTY TO BE SURRENDERED TO SECURED CREDITORS**

The debtors will surrender the collateral listed in the chart at the end of this plan as set forth in the "Schedule of Debts" and incorporated by reference herein.  **Upon confirmation of the plan, the automatic stay and, if applicable, the co-debtor stay, will terminate with respect to the surrendered collateral**.  No claim for a deficiency will be allowed unless it is filed within 180 days after confirmation of the plan, and no distribution will be made to an affected secured creditor unless the secured creditor has given the debtor credit and reduced its claim to account for the surrendered collateral.  Debtor intends to surrender and discharge his

obligation to any secured creditor listed in the attached <u>Schedule of Debts</u> in which property/creditor is listed as "Surrender."

**5.     CURING DEFAULTS**

Pursuant to 11 U.S.C. Section 1322(b)(3) and/or (b)(5), the pre-petition defaults listed in the "Schedule of Debts" at the end of this plan will be cured through the plan in full with interest, if any, at the rate specified by the district. The amount of the arrearage in the chart is an estimation and the amount of the arrearage, unless otherwise ordered by the court, shall be determined by the amount stated in the creditor's proof of claim. After the arrearage, as stated in the proof of claim or as otherwise determined by the court, has been paid through the plan, all pre-petition defaults shall be deemed to be cured, the debtor's obligation shall be deemed to be current as of teh date of the petition, the secured creditor shall have no right to recover any amount alleged to have arisen prior to the filing of the petition, and the secured creditor may not declare a default of the note, mortgage or other loan documentation based on a pre-petition default.

**6.     SECURED CLAIMS DISBURSED DIRECTLY TO CREDITORS BY DEBTOR(S)**

The claims listed in the attached "Schedule of Debts" at the end of this plan are included within debtors' chapter 13 plan and shall be disbursed directly to the secured creditors according to teh contractual terms of the secured claims.

**7.     PRE-PETITION DOMESTIC SUPPORT OBLIGATIONS**

The following arrearage claims for pre-petition domestic support obligations as defined in 11 U.S.C. Section 101(14A) shall be paid in full through this plan pursuant to 11 U.S.C. Section 507(a)(1) unless the domestic support obligation claimant agrees to a different treatment or the court orders otherwise:

| Creditor | Collection Agency | Arrearage |
|---|---|---|
| Melissa Carmichael | None | None |

The debtor shall pay directly all on-going domestic support obligations that become due after the filing of this petition.

**8.     PRIORITY CLAIMS (EXCLUDING DOMESTIC SUPPORT OBLIGATIONS)**

The following claims that are entitled to priority pursuant to 11 U.S.C. Section 507 shall be paid in full through this plan unless the claimant agrees to a different treatment or the court orders otherwise:

| Creditor | Type of Priority | Amount of Priority Claim |
|---|---|---|
| | | |

**9.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Executory contracts and leases that are being assumed shall be paid directly by the debtor according to the contractual terms of the executory contract or lease. Pre-petition defaults listed in the "Schedule of Debts" attached hereto at the end of this plan will be cured through the plan. The amount of the arrearage in the "Schedule of Debts" is an estimation and the amount of the arrearage, unless otherwise ordered by the court, shall be determined by the amount stated in the creditor's proof of claim. After the arrearage, as stated in the proof of claim or otherwise ordered by this court, has been paid through the plan, all pre-petition defaults shall be deemed to be cured, the debtor's obligation shall be deemed to be current as of the date of the petition, the lessor or party to the executory contract shall have no right to recover any amount alleged to have arisen prior to the filing of the petition, and the lessor or party to the executory contract may not declare a default of the lease or contract based upon a pre-petition default. Claims arising from the rejection of executory contracts and leases shall be general unsecured claims.

**10.    CO-DEBTOR AND OTHER SPECIALLY CLASSIFIED UNSECURED CLAIMS**

The following claims listed on the "Schedule of Debts," if allowed, shall be paid as specially classified unsecured claims and shall receive the treatment designated therein.

Debtor will surrender any secured obligations and discharge any obligation for secured claims that are joint with co-debtors. Upon confirmation of debtor's chapter 13 plan, to the extent that relief from the automatic stay and co-debtor stay as set forth under 11 U.S.C. Section 1301 has not previously been granted, relief from the stay will be deemed allowed and creditors may pursue their interest in accordance with applicable law and the credit documents.

**11.    GENERAL UNSECURED CLAIMS**

General unsecured claims shall be paid through the plan *pro rata* to the extent that funds are available after disbursements are made to pay secured claims, arrearage claims, priority claims and other specially classified claims.

**12.    DISCHARGE**

Subject to the requirements, conditions, limitations provided in 11 U.S.C. Section 1328, and unless the court approves a written waiver of discharge executed by the debtor, the court shall, as soon as practicable after completion of the debtor of all plan payments under the plan, grant the debtor a discharge of all debts provided for in the plan or that are disallowed under 11 U.S.C. Section 502.

**13.    OTHER PLAN PROVISIONS**

A.  Lien Retention:  Holders of allowed secured claims shall retain the liens securing their claims to the exent provided by 11 U.S.C. Section 1325(a)(5)(B)(i).

B.  Vesting of Property of the Estate:  Property of the estate shall vest in the debtor pursuant to 11 U.S.C. Section 1327(b) unless this box ☐ is checked in which event, property of the estate shall remain property of the estate after confirmation of the plan.

the    Except as otherwise provided, property of the estate and property that vests in the debtor upon confirmation shall remain in possession and control of the debtors and the trustee shall have no liability arising out of the property or its retention or use by the debtor.  The debtors' use of the property shall be subject to the requirements of 11 U.S.C. Section 363, all other provisions of Title 11, the Federal Rules of Bankruptcy Procedure and the Local Rules of this court.

C.  Creditor Notices When Debtor to Make Direct Payments:  Secured creditors, lessors and parties to executory contracts that will be paid directly by the debtor may send standard payment notices to the debtor without violating the automatic stay.

D.  Rights of Debtor and Trustee to Avoid Liens and to Recover Transfers:  Conformation of the plan shall not prejudice the
rights    of the debtor or the trustee to bring actions to avoid liens or to avoid and recover transfers.  Actions to avoid liens or to avoid and recover transfers must be initiated by separately filed motions or complaints.

E.  **Other Provisions of the Plan**:  Debtors hereby propose the following provisions for the chapter 13 plan by separately numbered paragraph which may be referred to as Paragraph 13E(--) as shown on the attachment hereto and incorporated by reference as if set forth fully herein.

Dated: **December 10, 2010**              */s/ Nathaniel Carmichael Jr.*
                                          Signature of Debtor

                                          _____
                                          Signature of Spouse (if applicable)

**SCHEDULE OF DEBTS**

| Creditor | Mailing Address | Amount |
|---|---|---:|
| **UNSECURED - GENERAL NON-PRIORITY DEBTS** | | |
| **Bank of America**<br>**Attn: Managing Agent** | **Post Office Box 15019**<br>**Wilmington, DE  19886-5019** | 19,299.00 |
| **Bank of America**<br>**Attn: Managing Agent** | **Post Office Box 15019**<br>**Wilmington, DE  19886-5019** | 8,104.00 |
| **Bank of America**<br>**Attn: Managing Agent** | **Post Office Box 15019**<br>**Wilmington, DE  19886-5019** | 3,800.00 |
| **Bank of America**<br>**Attn: Managing Agent** | **Post Office Box 15019**<br>**Wilmington, DE  19886-5019** | 5,359.00 |
| **Bank of America**<br>**Attn: Managing Agent** | **Post Office Box 15019**<br>**Wilmington, DE  19886-5019** | 4,662.00 |
| **Bank of America**<br>**Attn: Managing Agent** | **Post Office Box 15019**<br>**Wilmington, DE  19886-5019** | 30,316.96 |
| **Bank of America**<br>**Attn: Managing Agent** | **Post Office Box 15019**<br>**Wilmington, DE  19886-5019** | 10,475.00 |
| **Barclays Bank Delaware**<br>**Attn: Managing Agent** | **125 S. West Street**<br>**Wilmington, DE  19801** | 1,220.00 |
| **Barclays Bank Delaware**<br>**Attn: Managing Agent** | **125 S. West Street**<br>**Wilmington, DE  19801** | 3,689.00 |
| **Bill Me Later**<br>**Attn: Managing Agent** | **Post Office Box 105658**<br>**Atlanta, GA  30348** | 2,400.00 |
| **Capital One**<br>**Attn: Managing Agent** | **Post Office Box 5155**<br>**Norcross, GA  30091** | 878.41 |
| **Capital One**<br>**Attn: Managing Agent** | **Post Office Box 5155**<br>**Norcross, GA  30091** | 2,496.00 |
| **Chase**<br>**Attn: Managing Agent** | **Post Office Box 15298**<br>**Wilmington, DE  19850-5298** | 3,868.08 |
| **Chase**<br>**Attn: Managing Agent** | **Post Office Box 15298**<br>**Wilmington, DE  19850-5298** | 4,652.00 |
| **Chase**<br>**Attn: Managing Agent** | **Post Office Box 15298**<br>**Wilmington, DE  19850-5298** | 875.00 |
| **Citibank**<br>**Attn: Managing Agent** | **Post Office Box 6500**<br>**Sioux Falls, SD  57007** | 5,500.00 |
| **Citibank**<br>**Attn: Managing Agent** | **Post Office Box 6500**<br>**Sioux Falls, SD  57007** | 1,534.00 |
| **Citibank**<br>**Attn: Managing Agent** | **Post Office Box 6500**<br>**Sioux Falls, SD  57007** | 7,818.00 |
| **Commerce National Bank**<br>**Attn: Managing Agent** | **4040 MacArthur Boulevard, Suite 100**<br>**Newprt Beach, CA  92660-2556** | 6,436.04 |
| **Great Lakes Education Loan**<br>**Attn: Managing Agent** | **Post Office Box 3059**<br>**Milwaukee, WI  53201** | 32,281.00 |
| **Lowes / GE Money Bank**<br>**Attn: Managing Agent** | **Post Office Box 103104**<br>**Roswell, GA  30076** | 2,288.00 |

| Creditor | Mailing Address | Amount |
|---|---|---:|
| **Macy's**<br>**Attn: Managing Agent** | **Post Office Box 689195** | **1,175.00** |
| **Sallie Mae**<br>**Attn: Managing Agent** | **Post Office Box 9635**<br>**Wilkes- Barne, PA  18773-9635** | **9,586.00** |
| **Sallie Mae**<br>**Attn: Managing Agent** | **Post Office Box 9635**<br>**Wilkes- Barne, PA  18773-9635** | **15,464.00** |
| **US Airways Master Card**<br>**Attn: Managing Agent** | **Post Office Box 13337**<br>**Philadelphia, PA  19101** | **3,800.00** |
| <u>**KEEP CURRENT**</u> | | |
| **BB&T**<br>**Attn: Managing Agent** | **Post Office Box 1847**<br>**Wilson, NC  27895** | **27,650.00** |
| <u>**SURRENDER**</u> | | |
| **Chase Home Finance**<br>**Attn: Managing Agent** | **Post Office Box 24696**<br>**Columbus, OH  43224-4696** | **211,703.17** |
| **GE Money Bank**<br>**Attn: Managing Agent** | **Post Office Box 103104**<br>**Roswell, GA  30076** | **6,069.00** |
| **Wayne County Tax Office**<br>**Attn:  Managing Agent** | **Post Office Box 1495**<br>**Goldsboro, NC  27533** | **1,849.23** |